**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP J. SEILER,

        Petitioner,

  vs.

J. BROWN, Warden,

        Respondent.
                                       /

No. C 04-2911 PJH (PR)

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS; SCHEDULING ORDER**

This is a habeas case filed pro se by a state prisoner. Petitioner was convicted of murder in 1989 and sentenced to fifteen years to life in prison. In 2003 the Board of Prison Terms found him suitable for parole, but that decision was reversed by the governor. It is the governor's decision that petitioner challenges here.

Respondent has filed a motion to dismiss, petitioner has opposed it and respondent has filed a reply. The motion is ready for decision.

## DISCUSSION

Petitioner's grounds for federal habeas relief are that the governor's decision: (1) Violated the plea agreement; (2) violated his rights not to be subjected to an ex post facto law; and (3) was not supported by some evidence.

*1. Issue one, plea agreement*

Petitioner contends that his plea agreement provided that the parole decision would be made by the parole board, and did not provide for the governor to make the decision, so the governor's denial of parole was a violation of the plea agreement and his constitutional rights. *See Santobello v. New York*, 404 U.S. 257, 262 (1971).

Respondent argues that because the statute providing for review by the governor was in effect in 1989, when the plea agreement was entered into, this claim accrued at that

time and thus is barred by the one-year statute of limitations. But petitioner's claim is that the plea agreement was breached when the governor rather than the parole board made the final decision on whether he would receive parole, not that is was breached by the very existence of a gubernatorial review process at the time of the agreement. Thus the claim only accrued when the governor denied him parole, and this claim is not untimely.

*2. Issue two, ex post facto*

Respondent's motion does not address the ex post facto claim, so petitioner's issue two will not be dismissed.

*3. Issue three, some evidence*

Respondent contends that petitioner's third claim, that his due process rights were violated because the governor's decision was not supported by some evidence, should be dismissed because petitioner has no liberty interest in parole, thus no right to due process protections, which in the parole context might include a right to have decisions be supported by some evidence. Respondent argues that a decision of the California Supreme Court, *In re Dannenberg*, 34 Cal. 4th 1061 (2005), establishes that California prisoners have no liberty interest in parole, without which he has no due process rights. The Ninth Circuit has recently rejected this contention, so the motion will be denied as to this claim. *See Sass v. California Bd. of Prison Terms*, 2006 WL 2506393 at *3 (9th Cir. Aug. 31, 2006).

## CONCLUSION

The motion to dismiss (document number 7 on the docket) is **DENIED**.

Respondent shall serve an answer to the order to show cause within sixty days of the date this order is entered. If petitioner wants to respond to the answer, he shall file a traverse (response) within thirty days of the date the answer is served upon him.

**IT IS SO ORDERED.**

Dated: September 15, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.04\SEILER061.MDSMSS

2